UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 20, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Reva H. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-852-CDA

Dear Counsel:

On March 28, 2023, Plaintiff Reva H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 13, 16). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the Court will REVERSE the SSA's decision and REMAND the case to the SSA. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on May 4, 2021, alleging a disability onset of February 14, 2019. Tr. 143–44. Plaintiff's claim was denied initially and on reconsideration. Tr. 75–79, 81–85. On July 14, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33–58. Following the hearing, on August 1, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12–32. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on March 28, 2023. ECF 1. As Martin O'Malley subsequently became the Commissioner of Social Security, he has been substituted as this case's Defendant. *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that Plaintiff "did not engage in substantial gainful activity" from her alleged onset date to the date she was last insured.  Tr. 18.  At step two, the ALJ found that Plaintiff had non-severe "diabetes" and severe "right foot and ankle deformity, obesity, asthma, bipolar disorder, depressive disorder, and anxiety disorder."  *Id*.  At step three, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" through the date on which she was last insured.  Tr. 19.  The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR § 404.1567(b), with lifting and carrying 20 pounds occasionally and 10 pounds frequently and sitting for 6-hours out of an 8-hour day, except: She is limited to walking 2 hours out of an 8-hour workday and standing for 2 hours in an 8-hour day. She can occasionally climb ramps and stairs, kneel, and crouch but can never crawl, balance on uneven terrain nor climb ropes, ladders, and scaffolds. She can never push, pull, nor operate controls with her right lower extremity. She can have no exposure to unprotected heights, moving machinery, open flames, or open bodies of water. She cannot operate a motor vehicle. She can have occasional interaction with the public, coworkers, and supervisors. She is unable to perform at production rate pace [which, for example, could involve] assembly line work requiring close proximity to others and quota work[,] but [she] can perform goal-oriented work.

Tr. 22.  The ALJ determined that Plaintiff could not perform any of her past relevant work but could perform other jobs that existed in significant numbers in the national economy.  Tr. 27–28.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 29.

### III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]"  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant

evidence and sufficiently explained their decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that remand is warranted because the ALJ's failure to provide a "proper narrative discussion" prevents the Court from determining whether the ALJ's decision was supported by substantial evidence. ECF 11, at 16. Specifically, Plaintiff avers that the ALJ failed to explain how, despite Plaintiff's moderate limitations in maintaining concentration, persistence, and pace ("CPP"), Plaintiff can "perform goal-oriented work" but cannot work at a "production rate pace." *Id.* at 11 (quoting Tr. 22). Defendant counters that "the ALJ's discussion of the evidence" permits this Court "trace the path to the overall RFC finding and perform meaningful judicial review." ECF 13, at 6.

When a claimant has a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these areas is CPP, which concerns "the abilities to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" CPP limitation means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c).

"[O]nce an ALJ has made a . . . finding that a claimant suffers from moderate difficulties in [CPP], the ALJ must either include a corresponding limitation in [their] RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec. Admin*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015) (citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)), *report and recommendation adopted*, (D. Md. June 5, 2015). An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121–22 (4th Cir. 2020). However, when a medical opinion provides "detailed findings" regarding a claimant's "sustained concentration and persistence limitations," an ALJ may account for those limitations by assigning persuasive weight to the opinion and incorporating the opined limitations into the RFC. *See Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017).

Here, the ALJ determined that Plaintiff had "moderate" CPP limitations. Tr. 20. To support this conclusion, the ALJ noted that Plaintiff "had no serious problem completing serial 7s and other calculations. Additionally, treating practitioners did not observe that [she] was overly distractible or slow. However, [her] mental health treatment records note her sadness, anxiety, and worry, which would impact her ability to concentrate and focus." Tr. 21. The ALJ determined that Plaintiff's RFC permitted her to "perform goal-oriented work" but precluded her from performing at a "production rate pace[.]" Tr. 22. The ALJ did not state whether these RFC

provisions were intended to accommodate Plaintiff's CPP limitations; in any event, the ALJ did not explain how the provisions were intended to address those limitations.

The Court agrees with Plaintiff that this lack of explanation constitutes error. A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Social Security Ruling ("SSR") 96-8p details the steps an ALJ must take when assessing a claimant's RFC. *See generally* SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ruling provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. Here, the ALJ contravened SSR 96-8p by failing to explain how the evidence specifically supports the RFC's provisions regarding production-rate pace or performing goal-oriented work. *See id.*

The Court rejects Defendant's contention that the ALJ "link[ed] . . . the relevant evidence to the RFC limitations[.]" ECF 13, at 14. Defendant points to the ALJ's discussion of "Plaintiff's . . . testimony relevant to working around others at a certain pace, the medical records, the psychological exams, and the prior administrative findings." *Id.* at 13. On the contrary, the ALJ did not discuss any testimony regarding Plaintiff's ability to work around others at a specific pace.[3] Nor did the ALJ describe how any of the evidence "supports" a restriction from working at a production-race pace or an ability to perform goal-oriented work. SSR 96-8p, 1996 WL 374184, at *7. The ALJ therefore failed to provide the level of analysis that SSR 96-8p requires. *See id.* Moreover, the ALJ did not explicitly base these RFC provisions on any opinions contained in the record. *Cf. Sizemore*, 878 F.3d at 80–81 (affirming a decision where: (1) the ALJ adopted certain RFC limitations suggested in an opinion that provided "detailed findings" on a claimant's "sustained [CPP] limitations" and (2) the ALJ gave the opinion "significant weight").

Having determined that the ALJ erred, the Court must determine whether the error warrants remand. Ordinarily, remand of an SSA decision for legal error is unwarranted unless a plaintiff shows that the error was harmful. *See Josiah T. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3572, 2022 WL 684944, at *2 (D. Md. Mar. 8, 2022). Although Plaintiff does not state whether the failure to adequately explain the RFC's CPP-related provisions was harmful, remand is appropriate if "inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636.

Given the ALJ's lack of explanation or adoption of medical opinions in the record, the Court is "left to guess" how the ALJ determined that the RFC assessment addresses Plaintiff's CPP issues. *Id.* at 637. The Court finds that the ALJ's analysis frustrates meaningful review and warrants remand. *Id.* On remand, the ALJ must either: (1) explain how the RFC addresses Plaintiff's moderate CPP limitations or (2) explain why no RFC limitation is necessary to address these limitations. *See Talmo*, 2015 WL 2395108, at *3; *Mascio*, 780 F.3d at 638. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

---

[3] The ALJ did state that "working close to, or with others, without interrupting or distracting them" was one hypothetical example of an ability that might be impacted by CPP limitations. Tr. 20.

*Reva H. v. O'Malley*
Civil No. 23-852-CDA
March 20, 2024
Page 5

## V.	CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge